CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 21 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| QUENTIN MCLEAN,<br>    Plaintiff, | )<br>)  Civil Action No. 7:11cv00597<br>) |
| v. | )  **MEMORANDUM OPINION**<br>) |
| DR. MCBRIDE, et al.,<br>    Defendants. | )  By:  Samuel G. Wilson<br>)  United States District Judge |

Plaintiff Quentin McLean, a Virginia prisoner proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against Dr. McBride and two nurses at Red Onion State Prison he identifies only as John Does. McLean alleges that he has a skin condition and that Dr. McBride has "assessed" his skin condition but has failed to provide adequate medical treatment for it, apparently relying instead on a "lower level nurse" for treatment. McLean argues that he needs immediate and appropriate medical care for his disease which, according to McLean, becomes "[i]ncurable past the required timeframe." At the same time, McLean concedes that after his initial appointment with Dr. McBride, lab work was done and McLean met with the nurse whose course of treatment Mclean apparently believes to be inadequate.

Federal Courts have dismissed at least three of McLean's previous prisoner complaints with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1] Therefore, McLean may not proceed with this action unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The court finds at this juncture, however, that McLean's allegations are not "sufficiently specific" for this court to evaluate independently "the imminence or dangerousness of the threat [he] faces." See

---

[1] See McLean v. Faust, No. 2:99cv625 (E.D. Va. June 2, 1999) (dismissed with prejudice for failure to state a claim); McLean v. Bolling, No. 7:99cv341 (W.D. Va. July 26, 1999) (dismissed with prejudice for failure to state a claim); McLean v. United States, No. 2:06cv447 (E.D. Va. Sept. 12, 2006) (dismissed with prejudice for failure to state a claim). The court notes that in McLean v. United States, 566 F.3d 391 (4th Cir. 2009), the United States Court of Appeals for the Fourth Circuit stated that McLean was not a three-striker. However, after the court affirmed the district court's dismissal of McLean's case for failure to state a claim, McLean received his third strike. As noted by the dissent in that case, "[g]iven that the majority agrees that McLean has at least two previous strikes, McLean should hereafter be deemed a three-striker."

Mitchell v. Federal Bureau of Prisons, 587 F.3d 415, 421 (D.C. Cir. 2009).[2] Accordingly, the court denies his motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g), and dismisses his complaint without prejudice, permitting McLean to refile without prepayment of the filing fee should he supply sufficient specifics demonstrating that he is in danger of imminent, serious, physical injury.[3]

**ENTER:** This 21st day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Though the pleading standards articulated by the Supreme Court in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) requiring a complaint to contain sufficient factual matter to state a claim to relief that is plausible on its face apply to the underlying complaint if IFP status is granted, "when considering IFP eligibility, [the court] continue[s] using the traditional standards applicable to pleadings by pro se prisoners." Mitchell, 587 F.3d at 420. But even under those standards,

> the prisoner's factual allegations must be sufficiently specific for us to infer that the prisoner has a serious disease and that prison officials have failed to treat it. Absent such allegations, we have no basis for evaluating the imminence or dangerousness of the threat the prisoner faces. [U]nless we require prisoners to demonstrate the actual existence of an imminent threat, otherwise disqualified filers could obtain IFP status simply by adding general allegations of endangerment.

Id. Here, McLean has alleged a serious disease but it does not appear that prison officials have refused to treat it. Rather, it appears that they have treated it in a manner found to be appropriate by health care professionals though not by McLean. McLean's litigation history discloses a number of such disputes. See, e.g., McLean v. Williams, 7:04 CV 581 (W.D.Va. 2005) (Docket entry #15, opinion noting affidavit of nurse that McLean sought medical treatment for acne, a blister, or redness which he wrongly believed to be herpes and that at those times he disagreed with the institutional physician regarding his treatment); McLean v. Smith, 7:07 CV 584 (W.D. Va. 2007) (Docket entry #5, opinion noting that McLean complained that he has arthritis, rheumatoid diseases, head injuries, and the herpes virus and that when he sought treatment the defendant treated him, but took "an easier and less efficacious route" of treatment); McLean v. Wade, 7:10 CV 32 (W.D.Va. 2010) (Docket entry #12, opinion noting that McLean complained of severe headaches, lightheadedness, shortness of breath, skin breakouts, weakness, and gradual weight loss); McLean v. Mullins, 7:11 CV 174 (W.D. Va. 2011) (Docket entry #5, opinion noting that McLean complained about appropriate medical care for a toe injury).

[3] Even if McLean were to supply sufficient specifics permitting him to proceed *in forma pauperis*, it appears from his current allegations that McLean simply disagrees with the medical judgments of his doctor and nurses, which is not actionable under the Eighth Amendment. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990). If that were the case, the court would dismiss his complaint for failing to state a plausible claim for relief.